IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rabbi Dean Alton Holcomb, #154215, | C/A No.: 1:15-3581-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Greenville County; Major Marshall Stowers; Deputy Director Ronald Hollister; Jail Administrator John Vandermosten; and Sgt. Arif Chaudhary, | REPORT AND RECOMMENDATION |
| Defendants. | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC") in Greenville, South Carolina. He files this action pursuant to 42 U.S.C. § 1983, alleging that Greenville County, Major Marshall Stowers ("Stowers"), Deputy Director Ronald Hollister, Jail Administrator John Vandermosten, and Sgt. Arif Chaudhary (collectively "Defendants") violated his constitutional rights.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

1

I.      Factual and Procedural Background

Plaintiff claims GCDC's staff is "perpetrating a fraud" regarding kosher meals and "making a mockery of laws of Kashrut." [ECF No. 1 at 2–3]. Plaintiff argues they have no right to label the cart used to move his food or his meal trays as kosher *Id.* at 3. Plaintiff states that GCDC and its management have "no problems denying [him] his religious right to sustain himself with his religious diet." *Id.* at 3–4. Plaintiff claims he is served boiled eggs daily and a biscuit every other day, and states he receives his breakfast and evening meals "at barely over room temperature." *Id.* at 4. Plaintiff alleges the kitchen is not kosher-qualified, and therefore, no meals are kosher. *Id.* Plaintiff claims he is informed that the kitchen serves a turkey-flavored ham on Saturdays that is cut on a non-kosher meat slicer. *Id.* Plaintiff alleges Defendants are denying him his requested kosher diet. *Id.* at 5.  Plaintiff claims he has spoken to Stowers about meals that can be shipped, but has not received relief. *Id.* at 5. Plaintiff seeks court costs, injunctive relief, and monetary damages. *Id.* at 6.

II.     Discussion

A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint provides no factual allegations regarding Greenville County, Hollister, Vandermosten, and Chaudhary. Accordingly, these defendants are entitled to summary dismissal from the action. Plaintiff's complaint also lacks sufficient factual allegations to state a claim against Stowers. Although Plaintiff alleges he has spoken to Stowers about the possibility of shipping kosher meals to GCDC, Plaintiff fails to assert specific facts to show that Stowers had any involvement with the meals Plaintiff is served. Because Plaintiff has not shown that Stowers has substantially burdened Plaintiff's exercise of his religion, the undersigned recommends Stowers be summarily dismissed from this action.[1]

---

[1] Plaintiff has another case pending before this court in which he is litigating issues surrounding the provision of kosher meals while incarcerated at GCDC. *See Holcomb v. GCDC*, C/A No. 1:14-3477-MGL-SVH (D.S.C. Aug. 20, 2014) ("*Holcomb I*"). To the extent the issues involved in the instant complaint are also before the court in *Holcomb I*, this complaint is subject to dismissal as duplicative. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."). Therefore, to the extent Plaintiff generally claims GCDC has failed to provide him with kosher meals, the undersigned recommends this case be dismissed as duplicative.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 21, 2015                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).